Richard J. McCord, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to the Chapter 7 Trustee, Richard J. McCord, Esq.
90 Merrick Avenue
East Meadow, New York 11554
Phone: (516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:

                                                  Chapter 7

EVERGREEN ELECTRICAL CORP.,                    Case No.: 15-41499-cec

           Debtor.


------------------------------------------------------------------------X

## APPLICATION IN SUPPORT OF AN ORDER PURSUANT TO RULE 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING COMPROMISE AND SETTLEMENT

TO:    THE HONORABLE CARLA E. CRAIG
        CHIEF UNITED STATES BANKRUPTCY JUDGE

Richard J. McCord, the Chapter 7 Trustee (the "Trustee") for the Estate of Evergreen

Electrical Corp  (the "Debtor"), by his attorneys, Certilman Balin Adler & Hyman, LLP

("Certilman Balin"), as and for his application (the "Application"), seeking the entry of an Order

pursuant to Rules 2002(a)(3) and 9019(a) of the Federal Rules of Bankruptcy Procedure

("Bankruptcy Rules"), approving the Stipulation of Settlement by and between Richard J.

McCord, Esq., as Chapter 7 Trustee of the Estate of Evergreen Electrical Corp and Hanover

Insurance Company Settlement All Claims in Connection with the Whitman-Ingersoll Houses

Project (the "Stipulation of Settlement"), annexed hereto as **Exhibit "B"**, which proposes to

settle the claims of the Trustee resolving the debt due and owing to the Debtor by Hanover

Insurance Company ("Hanover") and V.C. Vitanza Sons, Inc. ("Vitanza") (the Trustee, Hanover

Vitanza together referred to as the "Settling Parties"), and respectfully represents as follows:

1

6682527.1

## JURISDICTION

1.    This Court has subject matter jurisdiction to consider and determine this Application pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## PROCEDURAL BACKGROUND

2.    On April 4, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code and I was appointed the Trustee.

3.    Prior to the Petition Date, the Debtor was engaged in the business of providing electrical contracting services for improvements to real property and/or public improvements and, pursuant to certain contracts and/or subcontracts to which the Debtor was a party, was the recipient of funds for performance of its contractual obligations.

4.    Yevgeny Koltunov was the President and 100% shareholder of the Debtor and filed an individual Chapter 7 Case on April 3, 2015 in the Eastern District of New York under bankruptcy case number 15-41493-cec.

5.    The Debtor was an electrical subcontractor for Vitanza in connection with a public improvement for work to be performed at the Whitman-Ingersoll Houses (the "Project") owned by the New York City Housing Authority ("NYCHA") and had an account receivable due and owing in connection with the Project in the amount of $314,000.00. Annexed hereto as **"Exhibit A"** is a copy of Schedule B which reflects the funds due and owing to the Debtor for the Project.

6.      Hanover, on behalf of Vitanza, issued Performance and Payment Bonds in favor of STV Construction, Inc. ("STV"), the construction manager for the Project and NYCHA, the Project owner, in connection with the Project (bond nos. 1001109 for Phase IIC-1 (NYCHA CM/Build Contract #CM9014765 IIC-1) and bond nos. 10110 for Phase IIC-2 (NYCHA CM/Build Contract #CM9014765 IIC-2))(the "Bonds").

7.      Hanover and Vitanza provided the Trustee with documentation pertaining to Vitanza's accounting of the amounts due and owing to the Debtor, including Vitanza's backcharges against the Debtor, which have been reviewed by the Trustee and his accountants.

8.      After extensive negotiations between the parties, in full and final settlement of the Debtor's claims against Hanover and/or Vitanza, the Trustee agrees to accept the sum of $91,348.00. Annexed hereto as **"Exhibit B"** is a copy of the Stipulation of Settlement.

9.      Pursuant to the Stipulation of Settlement, the funds are to be paid to the Trustee and received no later than thirty (30) days following the approval of the Stipulation of Settlement by the Court.

10.      In connection with the settlement, any claims that might be made against Hanover, Vitanza, NYCHA and/or STV due to the Debtor's failure to pay third parties (i.e. the Debtor's subcontractors, suppliers and laborers) are barred. Any funds paid or to be paid by Hanover are trust funds under Article 3-A of the Lien Law, and cannot be used by the Debtor or the Trustee until such time as the claims of proper 3-A beneficiaries have been paid from the payment, as the funds are not property of the estate until such time as the estate has complied with its trust fund obligations.

6682527.1

11.     Taking into consideration the risks and costs inherent with protracted litigation in connection with this claim, the Trustee respectfully submits that the proposed settlement is fair and reasonable.

12.     For all of the foregoing reasons and because the settlement is fair and reasonable under the circumstances and above the lowest level of reasonableness, the Trustee respectfully requests that this Court approve the Stipulation of Settlement pursuant to Bankruptcy Rule 9019.

### BASIS FOR RELIEF

13.     Bankruptcy Rule 9019 (a) provides that "[on motion by the Trustee and after notice and a hearing, the Court may approve a compromise or settlement." Fed. R. Bank. P. 9019(a). The elements that a court should evaluate in considering the reasonableness of a proposed compromise and settlement include:

> (i)      the probability of success in the litigation;
> (ii)     the difficulty in collecting after obtaining a judgment in the litigation;
> (iii)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
> (iv)     the interest of creditors and stockholders and a proper deference to their reasonable view of the settlement.

*Protective Comm. for Index. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) [hereinafter "TMT"]; *see also SEC v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.),* 960 F.2d 285, 292 (2d Cir., 1992), *cert. dismissed,* 506 U.S. 1088 (1993); *Airline Pilots Assen v. Am. Natal Bank & Trust Co. (In re Ionosphere Clubs, Inc.)*, 156 BR. 414 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

14.     Courts in this Circuit have elaborated on the *TMT* factors and have held it is also proper to consider:

(1)    The balance between the likelihood of success compared to the present and future benefits offered by the settlement;

(2)    Prospect of complex and protracted litigation if settlement is not approved.

(3)    Proportion of the class members who do not object or who affirmatively support the proposed settlement;

(4)    The competency and experience of counsel who support the settlement;

(5)    The relative benefits to be received by individuals or groups within the class;

(6)    The nature and breadth of releases to be obtained by officers and directors; and

(7)    The extent to which settlement is the product of arm's length bargaining.

*Nellis v. Shugrue*, 165 BR. 115, 122 (S.D.N.Y. 1994).

15.    In applying the *TMT* test, the reasonableness of a proposed compromise and settlement does not depend on a determination that the settlement reached is the best that could possibly be obtained, but rather, as articulated by the United States Court of Appeals for the Second Circuit, whether the settlement "*fall[s] below the lowest point in the range of reasonableness.*" *In re W.T. Grant Co.* 699 F.2d 599, 608 (2d Cir.) (*emphasis added*), *cert. denied*, 464 U.S. 822 (1983).

16.    Courts that have considered compromises and settlements under the *TMT* standard make clear that in evaluating a proposed settlement, a bankruptcy judge need not hold a "mini-trial" on the claims involved.  *See, e.g. In re Purofied Down Prods. Corp.*, 150 BR. 519 (S.D.N.Y. 1993) (refusing to conduct mini-trial of claims to determine whether settlement should be approved).  All that the proponent of the settlement must do is establish that it is "prudent to eliminate the risks of litigation to achieve specific certainty though admittedly [the settlement] might be considerably less (or more) than were the case fought to the bitter end." *Fla. Trailer & Equip. Co. v. Deal*, 284 F.2d 567, 573 (5th Cir. 1960); *see also United States v. Alaska Nat'l*

6682527.1

*Bank of N. (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982) (bankruptcy court need not conduct "exhaustive investigation into the validity of the asserted claim").

17.    In the instant case, the Settlement is fair and equitable and falls within the range of reasonableness under TMT.

18.    The Trustee believes that the Settlement is in the best interest of the estate and creditors.

## WAIVER OF MEMORANDUM OF LAW

19.    As the issues raised herein are neither novel nor difficult, the Trustee requests that Local Bankruptcy Rule 9013-1(a) for the Eastern District of New York requiring a memorandum of law to be submitted in connection herewith be waived at this time.

20.    No prior application for relief requested herein has been made to this or any other court.

## NOTICE TO ALL CREDITORS AND PARTIES IN INTEREST

21.    Pursuant to Bankruptcy Rules 2002(a)(3) and 9019, copies of the Notice of Presentment, Application to Compromise and Settle and a proposed Order Authorizing Compromise and Settlement, are being served by regular mail upon (a) counsel for the Debtor; (b) the United States Trustee; (c) all parties that filed a notice of appearance; and, (d) all creditors in the bankruptcy estate of the Debtor.

(Continued on next page)

6

6682527.1

## CONCLUSION

**WHEREFORE**, in view of the foregoing, the Trustee respectfully requests the

entry of an Order pursuant to Bankruptcy Rules 9019 and 2002(a)(3) authorizing the

compromise and settlement of these actions, together with such other and further relief as this

Court deems just and proper.

Dated: East Meadow, New York
        September 10, 2018

                               **CERTILMAN BALIN ADLER & HYMAN, LLP**
                               Attorneys for Richard J. McCord, Chapter 7 Trustee

                               By:     /s/ Richard J. McCord _____
                                            **RICHARD J. MCCORD, ESQ.**
                                            90 Merrick Avenue
                                            East Meadow, New York 11554
                                            Phone: (516) 296-7000

6682527.1

8