# EXHIBIT B

Richard J. McCord, Esq.
CERTILMAN BALIN ADLER & HYMAN, LLP
Counsel to the Chapter 7 Trustee, Richard J. McCord, Esq.
90 Merrick Avenue
East Meadow, NY 11554
Phone: (516) 296-7000
Fax: (516) 296-7111

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

EVERGREEN ELECTRICAL CORP.,

       Debtor.

-----------------------------------------------------------------X

Chapter 7
Case No.: 15-41499-cec

### STIPULATION OF SETTLEMENT BY AND BETWEEN RICHARD J. MCCORD, ESQ., AS CHAPTER 7 TRUSTEE OF THE ESTATE OF EVERGREEN ELECTRICAL CORP AND HANOVER INSURANCE COMPANY SETTLING ALL CLAIMS IN CONNECTION WITH WHITMAN-INGERSOLL HOUSES PROJECT

      Richard J. McCord, Esq., as Chapter 7 Trustee (the "Trustee") of the Estate of Evergreen Electrical Corp (the "Debtor"), by and through his attorneys, Certilman Balin Adler & Hyman, LLP, and Hanover Insurance Company ( "Hanover", the Trustee and Hanover collectively referred to herein as the "Parties"), by and through its attorneys, Chiesa Shahinian & Giantomasi PC, hereby enter into this Stipulation (the "Stipulation of Settlement").

### RECITALS

      **WHEREAS**, on April 4, 2015 (the "Petition Date") the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of title 11 of the United States Code; and

      **WHEREAS**, on April 4, 2015, Richard J. McCord, Esq. was appointed as the Trustee; and

      **WHEREAS**, as reflected on Schedule B of the Debtor's bankruptcy schedules, the Debtor was an electrical subcontractor to V.C. Vitanza Sons, Inc. ("Vitanza") in connection with

1

a public improvement for work to be performed at the Whitman-Ingersoll Houses (the "Project"), owned by the New York City Housing Authority ("NYCHA"), and had an account receivable due and owing in connection with the Project in the amount of $314,000.00; and

**WHEREAS,** Hanover, on behalf of Vitanza, issued Performance and Payment Bonds in favor of STV Construction, Inc. ("STV") and NYCHA, in connection with the Project (bond nos. 1001109 for Phase IIC-1 (NYCHA CM/Build Contract #CM9014765 IIC-1) and bond nos. 1001110 for Phase IIC-2 (NYCHA CM/Build Contract #CM9014765 IIC-2)) (the "Bonds"); and

**WHEREAS**, Hanover and Vitanza have provided the Trustee with documentation pertaining to Vitanza's accounting of the amounts due to the Debtor, including Vitanza's backcharges against the Debtor; and

**WHEREAS**, after good faith, arm's length negotiations and without the admission of any liability or the validity of any claims asserted in this proceeding and further without collusion, the Parties herein have agreed to resolve the debt due and owing to the Debtor by Hanover and/or Vitanza for the work performed by the Debtor in connection with the Project, subject to the terms and conditions set forth in this Stipulation of Settlement; and

**WHEREAS**, the Parties to this Stipulation of Settlement agree to bear their own costs and expenses, including attorneys' fees, arising out of the matters related to this Stipulation of Settlement; and

**NOW, THEREFORE,** for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties expressly stipulate and agree as follows:

1. Each of the undersigned Parties represents and warrants that: (i) it has all necessary power and authority to execute and deliver this Stipulation of Settlement for and on behalf of its respective client and to perform its respective obligations hereunder; (ii) this

Stipulation of Settlement has been duly and validly delivered, and constitutes a legal, valid and binding obligation; and (iii) except for approval of the Court, no authorization, consent, approval or other action is or will be necessary as a condition to execution and delivery of this Stipulation of Settlement and the performance of the obligations hereunder.

2. In full and final settlement and satisfaction of the Debtor's claims against Hanover and/or Vitanza and for any worked performed by the Debtor in connection with the Project, Hanover agrees to pay and the Trustee agrees to accept, the sum of $91,348.00 (the "Settlement Amount"), payable to Richard J. McCord, as Chapter 7 Trustee of the Estate of Evergreen Electrical Corp, which must be received no later than thirty (30) days following the approval of this Stipulation of Settlement by the Bankruptcy Court.

3. This Stipulation of Settlement and the obligations hereunder are subject to the approval of the Bankruptcy Court.

4. In the event Hanover defaults in payment of the Settlement Amount, and fails to cure such default within ten (10) days of Hanover's undersigned counsel's receipt of notice of such default from the Trustee or the Trustee's counsel, the Trustee shall have the right to seek to obtain a judgment against Hanover for the Settlement Amount.

5. Upon Court approval of this Stipulation of Settlement, the Trustee shall be deemed to have released Hanover, Vitanza, STV and NYCHA from any and all claims (including, but not limited to, claims as defined in section 101(5) of the Bankruptcy Code), demands, causes of action, obligations, damages and liabilities of any nature whatsoever, whether in law or equity, whether known or unknown, whether disclosed or undisclosed, whether anticipated or unanticipated, whether asserted or unasserted, whether direct or indirect, whether contingent or liquidated that the Trustee had or now has, or may claim to have from the

beginning of the world to the date of the Court's approval of this Stipulation of Settlement related to or arising out the Project and/or the Bonds.

6. Each party acknowledges that it has read all of the terms of this Stipulation of Settlement, has had an opportunity to consult with counsel of his or her own choosing or voluntarily waived such right and enters into these terms voluntarily and without duress.

7. The enforcement of the terms and conditions of the Stipulation of Settlement are subject to the approval of the Bankruptcy Court. In the event the Bankruptcy Court fails to approve this Stipulation of Settlement, the terms and provisions contained herein shall be null and void and of no further force and effect and shall not be deemed an admission of all parties and all claims and defenses shall be preserved.

8. This Stipulation of Settlement is binding upon and shall inure to the benefit of the parties hereto and their respective successors and/or assigns.

9. If any provision of this Stipulation of Settlement is held to be illegal, invalid or unenforceable under present or future state or federal laws or rules and regulations promulgated thereunder, such provision shall be fully severable, and this Stipulation of Settlement shall be construed and enforced as if such illegal, invalid and unenforceable provision had never comprised a part hereof, and the remaining provisions of this Stipulation of Settlement shall remain in full force and effect and shall not be affected by any illegal, invalid or unenforceable provision or by its severance from this Stipulation of Settlement. Furthermore, in lieu of such illegal, invalid, or unenforceable provision, there shall be automatically included as part of this Agreement a provision as similar in terms to such illegal, invalid or unenforceable provision as may be possible and be legal, valid and enforceable.

10. The Parties agree to cooperate with each other to implement the terms of this Stipulation of Settlement, including without limitation, executing such other and further documents and instruments as either party may reasonably require with respect to this Stipulation of Settlement.

11. It is understood and agreed that this Stipulation of Settlement shall be governed by, construed and enforced in accordance with, and subject to the laws of the State of New York, without regard to any conflict of laws principles except to the extent that the Bankruptcy laws apply and in such case title 11 of the United States Code shall apply. Venue for and jurisdiction over any claim or dispute pertaining to this Stipulation of Settlement shall be in the Bankruptcy Court for the Eastern District of New York.

12. This Stipulation of Settlement shall be deemed to have been jointly drafted by the Parties, and in construing and interpreting this Stipulation of Settlement, no provision shall be construed and interpreted for or against any of the parties because such provision or any other provision of the Stipulation of Settlement as a whole is purportedly prepared or requested by such party.

13. The Stipulation of Settlement may be executed in counterparts by facsimile or pdf (portable document format), each of which shall be deemed an original, and all of which when taken together shall constitute one document.

Dated: East Meadow, New York
       September 10, 2018

              **CERTILMAN BALIN ADLER & HYMAN, LLP**
              Attorneys for the Chapter 7 Trustee

        By:   /s/ Richard J. McCord
                 **RICHARD J. MCCORD, ESQ.**
                 90 Merrick Avenue
                 East Meadow, New York 11554
                 Phone: (516) 296-7000

Dated: West Orange, New Jersey
       August 31, 2018

              **CHIESA SHAHINIAN & GIANTOMASI, PC**
              Attorneys for Hanover Insurance Company

        By:   /s/ Jonathan Bondy
                 **JONATHAN BONDY, ESQ.**
                 One Boland Drive
                 West Orange, New Jersey 07052
                 Phone: (973) 530-2052

6669652.1